# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. CLARK KELSO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:11-CV-00527-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS<br><br>(DOCS. 6, 8, 9, 10)<br><br>PLAINTIFF'S TRUST ACCOUNT STATEMENT DUE WITHIN FORTY FIVE DAYS |

Plaintiff Anthony R. Turner ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are: 1) Plaintiff's motion to order CSP-Corcoran to produce Plaintiff's prisoner trust account, filed April 6, 2011; 2) Plaintiff's motion for declaratory judgment, filed June 10, 2011; 3) Plaintiff's motion for screening and service, filed August 1, 2011; and 4) Plaintiff's motion for discovery documents, filed August 23, 2011.  Docs. 6, 8, 9, 10.

**I.     Motion To Order CSP-Corcoran To Produce Trust Account**

Plaintiff requests that the Court order Warden Raul Lopez of CSP-Corcoran or his subordinates to produce Plaintiff's trust account statement.  The Court construes this as a motion for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The

purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Warden Lopez and the listed subordinates are not Defendants in this action, and the Court thus lacks jurisdiction to enforce rights of individuals not before it. *Zepeda*, 753 F.2d at 727. Plaintiff is still required to file his prison trust account statement pursuant to 28 U.S.C. § 1915 in order to proceed in forma pauperis in this action. The Court will grant Plaintiff additional time to produce the trust account statement.

Accordingly, Plaintiff's motion, filed April 6, 2011, is DENIED. Plaintiff is GRANTED forty-five days from the date of service of this order in which to produce Plaintiff's trust account statement. Failure to produce the trust account statement in a timely manner may result in dismissal of this action without prejudice for failure to obey a court order.

**II.     Motion For Declaratory Judgment**

Plaintiff moves the Court for declaratory judgment. The Court screened Plaintiff's complaint by separate order, dismissed certain claims for violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure, and dismissed the other claims for failure to state a claim. Thus, Plaintiff motion for declaratory judgment is premature. Accordingly, Plaintiff's motion, filed June 10, 2011, is DENIED.

///

///

### III. Motion For Screening And Service

Plaintiff moves for the Court to screen Plaintiff's complaint and order the United States Marshal to serve Defendants. As stated previously, the Court screened Plaintiff's complaint by separate order, dismissed certain claims for violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure, and dismissed the other claims for failure to state a claim. Thus, Plaintiff's motion is moot. Accordingly, Plaintiff's motion, filed August 1, 2011, is DENIED.

### IV. Motion For Discovery

Plaintiff moves for the Court to issue an order for discovery. As stated in the Court's First Informational Order, discovery will not be opened until Defendants file an answer. Order ¶ 8, Doc. 2. Plaintiff's complaint was dismissed by separate order. No Defendants have been served, or answered. Plaintiff's motion is thus premature. Accordingly, Plaintiff's motion, filed August 23, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **October 3, 2011**           /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE