1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ANTHONY R. TURNER,                          CASE NO. 1:11-CV-00527-DLB PC

10               Plaintiff,                    ORDER DISMISSING COMPLAINT WITH
                                               LEAVE TO AMEND
11      v.
                                               (DOC. 1)
12  J. CLARK KELSO, et al.,

13               Defendants.                   RESPONSE DUE WITHIN THIRTY DAYS

14  _____/

15

16                                    **Order**

17  **I.      Background**

18          Plaintiff Anthony R. Turner ("Plaintiff") is a prisoner in the custody of the California

19  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

20  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, Title II of the Americans

21  with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("RA").  Plaintiff initiated

22  this action by filing his complaint on March 29, 2011.  Doc. 1.

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

27  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

28  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

3   1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the

5   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

8   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

9   matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,

10  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

11  **II.    Summary Of Complaint And Rule 20(a)**

12       Plaintiff is currently incarcerated at Corcoran State Prison ("CSP") in Corcoran,

13  California.  Plaintiff was previously incarcerated at Pelican Bay State Prison ("PBSP") in

14  Crescent City, California, and Deuel Vocational Institution ("DVI") in Tracy, California.

15  Plaintiff names as Defendants J. Clark Kelso, medical director and receiver; N. Warren, chief of

16  health care appeals of CDCR; and G. Carpenter, chief of health care appeals of CDCR.  For DVI,

17  Plaintiff names: S. Baca, medical appeals coordinator; Zachariah, M. Street, D. Bodenhamer,

18  Lawrence Fong, Schudthart, P. Safi, Wong, S. Craw, and S. Palagummi, medical personnel.  For

19  PBSP, Plaintiff names: Malo Clinics, A. Flowers, T. Abad, M. Saya, Sam Gyafi, J. Strauss, and

20  Madison, medical personnel.  For CSP, Plaintiff names: Ransom, Adava, Scholes, J. K. Yu, J.

21  Wang, Douglas, and E. Clark, medical personnel.  Plaintiff also names Byland, Barnett, Ditt, and

22  Patomer in the body of his complaint.

23       **A.    Rule 20(a)**

24       Plaintiff alleges generally that all Defendants failed to provide adequate medical care at

25  PBSP, DVI, and CSP, in violation of the ADA, RA, and the Eighth Amendment.  Having

26  examined Plaintiff's claims, the Court finds that Plaintiff's complaint is in violation of Rule

27  20(a)(2) of the Federal Rules of Civil Procedure.  Pursuant to Federal Rule of Civil Procedure

28  20(a)(2), persons may be joined as defendants in one action if the right asserted against them

arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action. *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding unrelated claims against different defendants belong in different suits).

Here, Plaintiff's claims against PBSP Defendants, DVI Defendants, and CSP Defendants arise from different occurrences, as the alleged violations all occurred at separate prisons. PBSP is in the Northern District of California, and DVI is in the Sacramento Division of the Eastern District of California, and venue is appropriate there. Accordingly, the Court will dismiss Plaintiff's claims against PBSP and DVI Defendants, without prejudice to filing as separate, new actions. The Court will now screen Plaintiff's remaining claims.

**B.      Summary Of Remaining Claims**

Plaintiff alleges the following. On February 16, 2011, Plaintiff was transferred to CSP 3B Facility. Compl. ¶ 53. Plaintiff was held in intake reception for twenty-five days. Plaintiff was denied medical evaluations and assessment of his physical injuries and disabilities by Defendants E. Clark, Wang, J. K. Yu, Douglas, Ransom, Dava, Scholes, and Byland. *Id.* Plaintiff sought medical health care services for his injuries from an auto accident in 2009 to Plaintiff's left wrist, back spinal discs, tumor-like cyst on his brain, which have caused Plaintiff serious pain and discomfort. *Id.*

From February 16 to March 11 of 2011, Plaintiff was not provided psych evaluations and treatment by Defendants M. Ditt, Scholes, Patomer, Barnett, and Byland. *Id.* ¶ 54. Plaintiff contends he is suffering from physical nerve spasms in his eyes and legs, depression, anxiety, hypertension, low appetite, insomnia, and other effects, affecting his ability to function daily. *Id.* Plaintiff had filed the 7362 form (health care services request) for treatment, as well as his ADA accommodations form. *Id.* ¶ 55. Plaintiff's forms were either denied or received no response. *Id.* Plaintiff was then retaliated against and punitively placed in ad seg (administrative segregation) unit without due process for exercising his federal rights. *Id.* ¶ 56. After being placed in ad seg, medical staff ignored Plaintiff's requests. *Id.* ¶ 57. Plaintiff has been deprived of medical services for 44 days. *Id.*

Regarding Defendant Kelso, Plaintiff contends that Defendant Kelso failed to adequately

1   train, supervise, or discipline Defendants, causing harm to Plaintiff.  *Id.* ¶ 1.  Defendants Warren

2   and Carpenter are responsible for the health care appeals process, and supervising health care

3   appeals coordinators.  *Id.* ¶¶ 2-3.

4          Plaintiff requests as relief declaratory judgment, monetary damages, an injunction, and

5   other relief.[1]

6   **III.**    **Analysis**

7          **A.**    **Eighth Amendment**

8          The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

9   not mandate comfortable prisons."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

10  citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an

11  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

12  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

13  indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

14  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

15  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

16  must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

17  *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

18  an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

19         "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under

20  this standard, the prison official must not only 'be aware of the facts from which the inference

21  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

22  inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

23  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

24  matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

25  1188 (9th Cir. 2002)).

26  _____

27         [1] Plaintiff also requests attorney's fees pursuant to 42 U.S.C. § 1988.  Plaintiff is
    proceeding pro se and cannot receive attorney's fees.  *Friedman v. Arizona*, 912 F.2d 328, 333
28  n.2 (9th Cir.1990).

                                                    4

Plaintiff fails to state a claim against any medical CSP Defendants.  Plaintiff fails to allege facts which demonstrate that a substantial risk of serious harm exists to Plaintiff, and that Defendants knew of and disregarded it.  *Farmer*, 511 U.S. at 834, 837.

Plaintiff also fails to state a claim against Defendants Kelso, Warren, and Carpenter. Plaintiff appears to allege liability against these Defendants based on their supervisory roles. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff's allegations against Defendants Kelso, Warren, and Christopher fails to demonstrate that they personally participated in the alleged deprivation, knew of constitutional or federal violations and failed to act, or promulgated or implemented a policy that was the moving force of the violation.  *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

## B.    ADA and RA

Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act ("RA") "both prohibit discrimination on the basis of disability."  *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U. S. C. § 794.  Title II of the ADA and the RA apply to inmates within state prisons.  *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998); *see also Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997); *Duffy v. Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  *Lovell*, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance."  *Id.*

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  *Id.* at 1139 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1988)).

Plaintiff fails to state a claim for violation of the ADA and RA.  Plaintiff fails to allege facts regarding the qualifying disability, from what services he was excluded, and that he denied these services because of his disability.  *Lovell*, 303 F.3d at 1052.  Because Plaintiff seeks monetary damages, Plaintiff also fails to allege facts which demonstrate intentional discrimination by deliberate indifference by the Defendants.  *Duvall*, 260 F.3d at 1138.

///

6

C.     **Retaliation**

Plaintiff alleges retaliation when Defendants placed Plaintiff in ad seg.  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to state a claim against any Defendants.  First, Plaintiff fails to link any Defendants to the placement of Plaintiff in ad seg.  *Johnson v. Duffy*, 588 F.3d 740, 743 (9th Cir. 1978).  Second, Plaintiff fails to allege any protected First Amendment conduct by Plaintiff.

IV.     **Conclusion And Order**

Plaintiff's claims against PBSP Defendants and DVI Defendants are dismissed without prejudice for violation of Rule 20(a) of the Federal Rules of Civil Procedure.  Plaintiff's complaint is dismissed for failure to state a claim against the remaining Defendants.  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

7

1   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

2   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

3   pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

4   complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567

5   (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

6   114 F.3d at 1474.

7       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

8       1.    The Clerk's Office shall send Plaintiff a complaint form;

9       2.    Plaintiff's claims against Defendants Baca, Zachariah, M. Street, D. Bodenhamer,

10       Lawrence Fong, Schudthart, P. Safi, Wong, S. Craw, S. Palagummi, Malo Clinics,

11       A. Flowers, T. Abad, M. Saya, Sam Gyafi, J. Strauss, and Madison are dismissed

12       without prejudice for violation of Rule 20(a)(2) of the Federal Rules of Civil

13       Procedure, and the Defendants listed above are dismissed from the action;

14       3.    Plaintiff's claims against Defendants E. Clark, Wang, J. K. Yu, Douglas, Ransom,

15       Dava, Byland, M. Ditt, Scholes, Patomer, Barnett, Kelso, Warren, and Christopher

16       are dismissed for failure to state a claim, with leave to file a first amended

17       complaint within **thirty (30) days** from the date of service of this order; and

18       4.    If Plaintiff fails to comply with this order, the Court will dismiss this action for

19       failure to obey a court order.

20   IT IS SO ORDERED.

21   **Dated:**   **October 3, 2011**           **/s/ Dennis L. Beck**

22                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28